**FILED**

FEB - 7 2003

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHEM-NUCLEAR SYSTEMS, L.L.C., a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> AVANTECH, INC., A South Carolina corporation, <br><br> Defendant. | Civil Action No. 3 03 442 2⊄ <br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

TO: THE DEFENDANT IN THE ABOVE NAMED CASE, by and through its undersigned counsel, Plaintiff herein, complaining of the above-named Defendant, would respectfully allege and show unto the Court the following:

**THE PARTIES**

1.  Plaintiff is a limited liability company organized under the laws of Delaware and in good standing with the Secretary of State for the state of South Carolina.

2.  Plaintiff maintains a place of business at 140 Stoneridge Drive, Columbia, South Carolina, 29210.

3.  Upon information and belief, Defendant is a resident of Richland County, South Carolina.

**JURISDICTION AND VENUE**

4.  Jurisdiction and Venue are proper given that the acts and/or omissions giving rise to the subject matter of this dispute occurred in Columbia, South Carolina and pursuant to 28 U.S.C. § 1400.

COLUMBIA 739432v1

5.  This Court has personal jurisdiction over the parties hereto and subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338 and 35 U.S.C. §§ 271 and 281.

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff hired Tracy Barker in or about July 1990 as a project engineer.

7.  While employed as a project engineer for the Plaintiff, Mr. Barker conducted research and developed activities directed to methods for processing liquid radioactive waste.

8.  On or about December 7, 1994, Plaintiff caused to have filed U.S. Patent application Serial Number 08/319,736 entitled Method For Processing Liquid Radioactive Waste.

9.  Mr. Barker was a listed inventor on this application.

10. This Patent application matured into U.S. Letters Patent 5,585,531 (the '531 patent).

11. The '531 patent is owned by Plaintiff and in good standing with the U.S. Patent and Trademark Office.

12. Plaintiff markets the invention claimed and disclosed in the '531 patent as the THERMEX process, a process which allows processing of the concentrated liquid produced by the reverse osmosis skids.

13. On or about March 28, 2000, Plaintiff caused to have filed U.S. Patent application 09/537,067 entitled System And Method For The Removal Of Radioactive Particulate From Liquid Waste.

14. This Patent application matured into U.S. Letters Patent 6,387,274 (the '274 patent).

15. The '274 patent is owned by the Plaintiff and is in good standing with the U.S. Patent and Trademark office.

16.     Mr. Barker was aware of the invention claimed and disclosed in the above patent application and the ensuing Letter Patent.

17.     During his employment with the Defendant, Mr. Barker entered into an employment agreement which contained a non-disclosure and a non-compete provision.

18.     On or about May 14, 1999, Mr. Barker resigned his employment with the Plaintiff.

19.     At or around the time of Defendant Barker's resignation, Defendant Barker deleted files from the Plaintiff's computer system.

20.     Upon information and belief, Mr. Barker was thereafter employed by, and remains employed with, Avantech, a competitor, whose business includes, but is not limited to, liquid waste processing.

21.     On or about June 24, 1992, the Plaintiff hired James Braun.

22.     During Mr. Braun's employment with the Plaintiff he was subject to an employment agreement which contained a non-disclosure and non-compete provision.

23.     Prior to, and in anticipation of his resignation, James Braun requested confidential and/or proprietary information from the Plaintiff.

24.     On or about August 28, 1999, James Braun resigned his employment with the Plaintiff.

25.     During Mr. Braun's employment with the Plaintiff he was subject to an employment agreement which contained a non-disclosure and non-compete provision.

26.     Upon information and belief, James Braun is the registered agent for, and the president of, Avantech, Inc.

27.     Kelly McCurry is a former employee of the Plaintiff.

28. During her employment with the Plaintiff, Ms. McCurry entered into an employment agreement which contained a non-disclosure and non-compete provision.

29. At or around the time of Ms. McCurry's resignation, Ms. McCurry deleted files from the Plaintiff's computer system.

30. Prior to, and in anticipation of her resignation, Ms. McCurry transferred files contained on the Plaintiff's computer system to her home computer via the Plaintiff's electronic communications system.

31. Upon information and belief, Ms. McCurry is employed with the Defendant.

32. Sharra Arnold is a former employee of the Plaintiff.

33. During her employment with the Plaintiff, Ms. Arnold entered into an employment agreement which contained a non-disclosure provision.

34. Upon information and belief, Ms. Arnold is employed with the Defendant.

35. Carl Rowland is a former employee of the Plaintiff.

36. During his employment with the Plaintiff, Carl Rowland entered into an employment agreement which contained a non-disclosure and non-compete provision.

37. Upon information and belief, Mr. Rowland is employed with the Defendant.

38. Alfred Abernethy is a former employee of the Plaintiff.

39. During his employment with the Plaintiff, Mr. Abernethy entered into an employment agreement which contained a non-disclosure and non-compete provision.

40. Upon information and belief, Mr. Abernethy is employed with the Defendant.

41. Michael Mohundro is a former employee of the Plaintiff.

42. During his employment with the Plaintiff, Mr. Mohundro entered into an employment agreement which contained a non-disclosure and non-compete provision.

43.  Upon information and belief, Mr. Mohundro is employed with the Defendant.

44.  In or after March 2000, the Plaintiff became aware that some or all of the aforementioned employees, including but not limited to, James Braun, Tracy Barker and Kelly McCurry had provided the Defendant with the information necessary to sell, offer to sell, make and/or use technology and/or products that infringe upon one or more claims of the '531 and/or '274 patent and/or other protected information.

45.  In or after March 2000, the Plaintiff became aware that the Defendant was selling, offering to sell, making and/or using technology and/or products that infringe upon one or more claims of the '531 and/or '274 patent and/or other protected information.

## FOR A FIRST CAUSE OF ACTION

### (Patent Infringement)

46.  Plaintiff reincorporates paragraphs 1 through 45 as if set forth herein.

47.  Upon information and belief, Avantech currently markets the Avantech Ultrex system.

48.  Upon information and belief, Avontech's Ultrex system specifically infringes upon the '531 patent.

49.  Upon information and belief, Avantech currently markets its own particle charge management (PCM) system.

50.  Upon information and belief, Avantech's PCM system specifically infringes upon the '274 patent.

51. In or after March 2000, the Plaintiff became aware that Tracy Braun was improperly utilizing his position of control at Avantech to induce Avantech to utilize the Plaintiff's patented methods.

52. In or after March 2000, the Defendant began improperly utilizing the Plaintiff's trade secrets to develop and market liquid waste processing systems for Avantech.

53. The Plaintiff has incurred substantial damages as a result of the Defendant's infringement upon the Plaintiff's patented processes.

54. Defendant's actions are willful and deliberate.

55. Plaintiff is entitled to damages and injunctive relief arising out of and/or related to the Defendant's improper acts.

## FOR A SECOND CAUSE OF ACTION

### (Misappropriation of Trade Secrets)

56. Plaintiff reincorporates paragraphs 1 through 55 as if set forth herein.

57. Throughout Mr. Barker's employment, the Plaintiff protected its trade secrets through various means including, but not limited to, restricted physical access, electronic passwords or pass codes to computer systems, and a restricted numbered document system.

58. Since its inception, the Plaintiff, by and through its employees, has developed and maintained confidential processes for treating nuclear waste.

59. While employed as a project engineer for the Plaintiff, Mr. Barker developed and maintained trade secrets related to its methods and processes for treating nuclear waste.

60. Mr. Barker was privy to the Plaintiff's trade secrets throughout his employment.

61. In or after March 2000, the Plaintiff discovered that Kelly McCurry had been sending electronic communications messages from her work computer to her home computer.

6

62. Upon information and belief, these electronic messages contained trade secret and other proprietary information including, but not limited to, technological drawings, price sheets, and other documents other protected confidential information owned by the Plaintiff.

63. Ms. McCurry transferred the aforementioned protected information to her home computer system in anticipation of her resignation.

64. Mr. Barker resigned his employment with the Plaintiff on or about May 14, 1999.

65. Upon information and belief, Mr. Barker was thereafter employed by, and remains employed with Avantech, whose business includes, but is not limited to, Liquid Waste Processing.

66. In or after March 2000, Mr. Barker began improperly utilizing the Plaintiff's trade secrets to develop and market liquid waste processing systems for Avantech.

67. In or after March 2000, Avantech began using the aforementioned protected information.

68. The Defendant willfully misappropriated and improperly used the Plaintiff's trade secrets.

69. The Plaintiff has incurred substantial damages as a result of the Defendant's misappropriation, entitling Plaintiff to actual and exemplary damages arising out of the Defendant's infringement.

## FOR A FIFTH CAUSE OF ACTION

### (Conversion)

70. Plaintiff reincorporates paragraphs 1 through 69 as if set forth herein.

71. Plaintiff possesses the ownership rights in valuable tangible and intangible properties concerning its business, including, but not limited to information, materials and

methods and processes for treating radioactive waste, customer lists, price lists, technical drawings, technical descriptions and such.

72. Despite the Plaintiff's exclusive ownership of such valuable property, Defendant, by and through its employees, misappropriated this property and assumed ownership rights over the same, to the detriment of Plaintiff and benefit of Defendant.

73. Defendant has converted Plaintiff's valuable property for itself.

74. Defendant's actions prevent Plaintiff from enjoining its ownership in the property converted by Plaintiff.

75. The Defendant's actions were willful, and done with a reckless disregard for the Plaintiff's rights.

76. The Plaintiff has incurred substantial damages as a result of the Defendant's improper actions, entitling the Plaintiff to an award of actual, consequential and punitive damages.

## FOR A FIFTH CAUSE OF ACTION

### (Civil Conspiracy)

77. Plaintiff reincorporates paragraphs 1 through 76 as if set forth herein.

78. Upon information and belief, Avantech is comprised of several of the Plaintiff's former employees, including but not limited to Tracy Barker, Kelly McCurry, and James Braun.

79. In or after March 2000, the Plaintiff became aware that the Defendant had conspired with one or more of the Plaintiff's former employees to misappropriate trade secrets and other protected confidential information from the Plaintiff to utilize for their own advantage and to develop and market liquid waste processing systems for Avantech to the detriment of Plaintiff.

80. The Defendant and his co-conspirators misappropriated the Plaintiff's protected and confidential information specifically intending to harm the Plaintiff.

81. The Defendant and his co-conspirators conspired to infringe Plaintiff's patents.

82. The Defendant and his co-conspirators conspired to convert property of Plaintiff.

83. As a result of the Defendant's conduct the Plaintiff has incurred substantial damages, including, but not limited to, lost sales and loss of goodwill.

## FOR A SIXTH CAUSE OF ACTION
### (Intentional Interference With Prospective Contract)

84. Defendants reincorporates paragraphs 1 through 83 as if set forth herein.

85. Throughout their employment with the Plaintiff, the above referenced employees were privy to confidential information including, but not limited to, customer lists.

86. The aforementioned employees used information improperly obtained from Plaintiff to solicit business from prospective customers of Plaintiff.

87. The Defendant used this knowledge to improperly obtain trade secret information, proprietary information, technical drawings, technical documents, technology, price lists and other such material, and to direct proposals to prospective customers of Plaintiff.

88. On or about October 9, 2001, the Defendant solicited and obtained a contract to provide services and products for the Hartford K-Basins project.

89. On or about December 26, 2001 Defendant solicited and obtained a contract to provide services and products for the Los Alamos National Laboratory SNS project.

90. Defendants have caused prospective customers to improperly seek services and products from Defendants to the detriment of Plaintiff.

91. Plaintiff has been injured by these improper actions, entitling the Plaintiff to actual and punitive damages and an injunction prohibiting the Defendants from further infringement upon the Plaintiff's rights.

### FOR A SEVENTH CAUSE OF ACTION
### (Unfair Competition)

92. Plaintiff reincorporates paragraphs 1 through 91 as if set forth herein.

93. The Defendant is incorporated and doing business in the state of South Carolina.

94. The Defendant was formed by James Braun, Kelly McCurry, and Tracy Barker.

95. The Defendant was formed to compete with the Plaintiff.

96. The Defendant is actively marketing processes that infringe upon the Plaintiff's patents and utilize protected and confidential information.

97. The Defendant is misrepresenting the Plaintiff's processes to the public as its own.

98. The Defendant has been marketing the Plaintiff's processes since on or after March 2000.

99. The Defendant has engaged in unfair and deceptive acts enabling the Defendant to unfairly compete with the Plaintiff.

100. The Defendant's acts are offensive to public policy and capable of repetition.

101. The Defendant's acts were willful.

102. The Plaintiff has been injured by the Defendant's acts entitling the Plaintiff to treble damages.

WHEREAS, Plaintiff prays for:

A. an assessment and accounting for damages against the Defendant for its improper and illegal acts;

B. an assessment and accounting for damages against Defendant for its improper and illegal acts pursuant to 35 U.S.C. § 284;

C. a preliminary and permanent injunction under 35 U.S.C. § 283 against the Defendant's continued infringement of Plaintiff's patent rights;

D. as assessment of attorney fees and costs under 35 U.S.C. § 285 for Defendant's infringement;

E. a trebling of damages against Defendant in view of the willful and deliberate nature of Defendant's actions pursuant to 35 U.S.C. § 284;

F. an award of actual, consequential, and punitive damages incurred as a result of the Defendant's conversion;

G. an award of actual and exemplary damages arising out of the Defendant's misappropriation of the Plaintiff's trade secrets;

H. an award of compensatory and punitive damages, and an injunction to prevent the Defendant's continued infringement on the Plaintiff's claim for interference with prospective contractual relations;

I. an award of treble damages on the Plaintiff's claim for unfair competition and attorney's fees and costs;

J. an award of actual and compensatory damages on the Plaintiff's civil conspiracy claim;

11

K.  and, such other relief as this Court deems just in equity of law.

                                      Douglas W. Kim (Fed. ID # 9004)
                                      Robyn W. Madden, Esquire (Fed. ID #7734)
                                      McNair Law Firm, P.A.
                                      Post Office Box 11390
                                      Columbia, South Carolina  29211
                                      (803) 799-9800

Columbia, South Carolina
February ___, 2003            By: _____

12