FILED

MAR - 3 2003

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHEM-NUCLEAR SYSTEMS, L.L.C., ) <br> A Delaware limited liability company, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AVANTECH, INC., ) <br> ) <br> Defendant. ) | Civil Action File <br> No. 3:03-442-22 <br><br> ANSWER TO AMENDED COMPLAINT <br> AND COUNTERCLAIM |

Defendant AVANTech, Inc. files this Answer to the Amended Complaint and Counterclaim in this case.

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or to otherwise supplement this Answer and Counterclaim upon discovery of facts or evidence rendering such action appropriate.

### FIRST SEPARATE DEFENSE

Some or all of the Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

To the extent the second through seventh causes of action in the Complaint seek relief for actions taking place more than three years prior to the filing of the Complaint, such claims are barred by the applicable statutes of limitations.

8

### THIRD SEPARATE DEFENSE

Plaintiff's causes of action for misappropriation of trade secrets, conversion of tangible and intangible properties concerning its business, civil conspiracy, intentional interference with prospective contract and unfair competition have been displaced by Title 39, Chapter 8 of the South Carolina Code of Laws, therefore these claims should be dismissed.

### FOURTH SEPARATE DEFENSE

To the extent that Plaintiff's causes of action for misappropriation of trade secrets, conversion of tangible and intangible properties concerning its business, civil conspiracy, intentional interference with prospective contract and unfair competition assert alleged patent infringement as an element or fact in support thereof, such causes of action are preempted by federal patent law.

### FIFTH SEPARATE DEFENSE

Plaintiff lacks standing to assert one or more of the causes of action alleged in the Amended Complaint.

### SIXTH SEPARATE DEFENSE

The patents in suit are invalid for failure to meet one or more of the requirements for patentability, including, without limitation, 35 USC §§ 102, 103 and 112.

### SEVENTH SEPARATE DEFENSE

The patents in suit are unenforceable due to acts of patent misuse by Plaintiff.

### EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to injunctive relief because its remedy at law is not inadequate.

### NINTH SEPARATE DEFENSE

Plaintiff is not entitled to injunctive relief because it does not have clean hands.

### TENTH SEPARATE DEFENSE

An award of punitive damages against Defendant in the amount sought by Plaintiff in this action would violate Defendant's constitutional protection against, without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the laws.

### ELEVENTH SEPARATE DEFENSE

Plaintiff failed to mitigate its alleged damages, the entitlement to which is expressly denied.

### TWELFTH SEPARATE DEFENSE

Plaintiff is not entitled to attorneys' fees, costs, or expenses.

### THIRTEENTH SEPARATE DEFENSE

Some or all of the purported claims and/or some or all of the relief requested in the Amended Complaint may be barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or release.

### FOURTEENTH SEPARATE DEFENSE

Defendant will rely upon proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

### FIFTEENTH SEPARATE DEFENSE

Defendant answers each of the paragraphs of the Amended Complaint as follows:

1.  Defendant admits Paragraph 1 upon information and belief.

2.  Defendant admits Paragraph 2 upon information and belief.

3.  Defendant admits Paragraph 3.

4.  In response to Paragraphs 4 and 5, Defendant admits jurisdiction and venue are proper.

5.  In response to Paragraph 6, Defendant asserts that Defendant Tracy Barker was hired by Chem-Nuclear Systems, Inc. in August 1990 as a project engineer; to the extent the allegations of Paragraph 6 are inconsistent with the foregoing, they are denied.

6.  Defendant denies Paragraph 7.

7.  In response to Paragraph 8, Defendant admits that U.S. Patent application 08/319,736 appears to have been filed on October 7, 1994 (rather than December 7, 1994 as stated in the Amended Complaint); otherwise the allegations of Paragraph 8 are denied on information and belief.

8.  Defendant admits Paragraph 9.

9.  Defendant admits Paragraph 10 on information and belief.

10. Defendant denies that the '531 patent is owned by Plaintiff, and admits the remainder of Paragraph 11 on information and belief.

11. Defendant is without information sufficient to form an opinion or belief as to the allegation that Plaintiff markets the alleged invention claimed in the '531 patent, and prays reference to the '531 patent for the claimed process and its description, and denies the allegations of Paragraph 12 to the extent they are inconsistent therewith.

12. Defendant admits Paragraph 13 on information and belief.

13. Defendant admits Paragraph 14 on information and belief.

14. Defendant admits Paragraph 15 on information and belief.

4

15. Defendant admits Paragraph 16.

16. Defendant admits that on July 9, 1990, Tracy Barker entered into an agreement with Chem-Nuclear Systems, Inc., and prays reference to that agreement for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 17 are denied.

17. Defendant is informed and believe that Mr. Barker resigned his employment with Chem-Nuclear Systems LLC in April 1999; to the extent the allegations of Paragraph 18 are inconsistent with the foregoing, they are denied.

18. Responding to Paragraph 19, Defendant admits, upon information and belief, that Mr. Barker regularly deleted files, including purely personal files, from his laptop computer assigned to him while he was employed. To the extent the allegations of Paragraph 19 are inconsistent with the foregoing, they are denied.

19. Defendant admits Mr. Barker is employed by AVANTech, whose business includes liquid waste processing, but denies the remaining allegations of Paragraph 20.

20. Defendant admits Chem-Nuclear Systems, Inc. hired James Braun on or about June 24, 1992, and denies any allegations of Paragraph 21 that are inconsistent with the foregoing.

21. Defendant admits that on June 24, 1992, Mr. Braun entered into an agreement with Chem-Nuclear Systems, Inc., and prays reference to that agreement for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 22 are denied.

22. Defendant denies Paragraph 23.

23.  Responding to Paragraph 24, Defendant admits Defendant Braun terminated his employment with Chem-Nuclear Systems, LLC on or about August 28, 1999, but would show that he advised it of his intent to resign in January 1999.

24.  Defendant admits that on June 24, 1992, Mr. Braun entered into an agreement with Chem-Nuclear Systems, Inc., and prays reference to that agreement for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 25 are denied.

25.  Defendant admits Paragraph 26.

26.  Defendant admits Paragraph 27.

27.  Defendant admits that on May 19, 1990, Mr. McCurry entered into an agreement with Chemical Waste Management, Inc, and prays reference to that agreement for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 28 are denied

28.  In response to Paragraphs 29 and 30, Defendant asserts upon information and belief that the transfer of files from Mr. McCurry's office computer to his home computer was not an unusual occurrence, as he often worked from his home on the computer there, and such transfer would have been accomplished prior to his resignation, using the communications systems available at his office. During his employment, files were regularly deleted from his computer, sometimes at the direction of his supervisor who told him to "clean up" his computer. Defendant denies, however, that any such deletion or transfer of files was made in anticipation of his resignation or in derogation of the Plaintiff's interests.

29.  Defendant admits Paragraph 31.

30.  Defendant denies Paragraph 32.

31. Defendant admits that on June 28, 2000, Sharra Arnold signed a Duratek notice, and prays reference to that notice for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 33 are denied

32. Defendant admits Paragraph 34.

33. Defendant admits Paragraph 35.

34. Defendant admits that on February 4, 1993, Carl J. Rowland entered into an agreement with Chem Nuclear Systems, Inc., and prays reference to that notice for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 36 are denied

35. Defendant admits Paragraph 37.

36. Defendant admits Paragraph 38.

37. Defendant admits that on April 18, 1997, Alfred C. Abernethy entered into an agreement with Chem-Nuclear Systems, Inc., and prays reference to that notice for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 39 are denied

38. Defendant admits Paragraph 40.

39. Defendant admits Paragraph 41.

40. Defendant admits that on September 7, 1990, Michael Mohundro entered into an agreement with Chem-Nuclear Systems, Inc., and prays reference to that notice for the particular terms and conditions thereof; to the extent inconsistent with the foregoing, the allegations of Paragraph 42 are denied

41. Defendant admits Paragraph 43.

42. Defendant denies Paragraph 44.

43.  Defendant denies Paragraph 45.

44.  Defendants repeats its responses to Paragraphs 1 through 45 above in response to Paragraph 46.

45.  Defendant admits Paragraph 47.

46.  Defendant denies Paragraph 48.

47.  Defendant admits Paragraph 49.

48.  Defendant denies Paragraph 50.

49.  Defendant denies Paragraph 51.

50.  Defendant denies Paragraph 52.

51.  Defendant denies Paragraph 53.

52.  Defendant denies Paragraph 54.

53.  Defendant denies Paragraph 55.

54.  Defendant repeats its responses to Paragraphs 1 through 55 above in response to Paragraph 56.

55.  Defendant denies Paragraph 57.

56.  Defendant denies Paragraph 58.

57.  Defendant denies Paragraph 59.

58.  Defendant denies Paragraph 60.

59.  Defendant is without information sufficient to form an opinion or belief as to the allegations of Paragraph 61, and thus denies same.

60.  In response to Paragraphs 62 and 63, Defendant asserts that the transfer of files, including technological drawings, price sheets and other such documents, from Mr. McCurry's office computer to his home computer was not an unusual occurrence, as he often

worked from his home on the computer there, and such transfer would have been accomplished prior to his resignation, using the communications systems available at his office. Defendant denies, however, that any such transfer involved trade secrets, or that it was made in anticipation of his resignation or in any way in derogation of Plaintiff's interests.

61. Defendant is informed and believes that Mr. Barker resigned his employment with Chem-Nuclear Systems LLC in April 1999; to the extent the allegations of Paragraph 64 are inconsistent with the foregoing, they are denied.

62. Defendant admits Paragraph 65.

63. Defendant denies Paragraph 66.

64. Defendant denies Paragraph 67.

65. Defendant denies Paragraph 68.

66. Defendant denies Paragraph 69.

67. Defendant repeats its responses to Paragraphs 1 through 69 above in response to Paragraph 70.

68. Defendant is without information sufficient to form an opinion or belief as to the allegations of Paragraph 71 and thus denies same.

69. Defendant denies Paragraph 72.

70. Defendant denies Paragraph 73.

71. Defendant denies Paragraph 74.

72. Defendant denies Paragraph 75.

73. Defendant denies Paragraph 76.

74. Defendant repeats its responses to Paragraphs 1 through 76 above in response to Paragraph 77.

75. Defendant admits only so much of Paragraph 78 as alleges that AVANTech employs Tracy Barker, Kelly McCurry and James Braun.

76. Defendant denies Paragraph 79.

77. Defendant denies Paragraph 80.

78. Defendant denies Paragraph 81.

79. Defendant denies Paragraph 82.

80. Defendant denies Paragraph 83.

81. Defendant repeats its responses to Paragraphs 1 through 83 above in response to Paragraph 84.

82. In response to Paragraph 85, Defendant admits that some of the referenced employees were privy to confidential information including, but not limited to, customer lists.

83. Defendant denies Paragraph 86.

84. Defendant denies Paragraph 87.

85. Responding to Paragraph 88, Defendant admits that on or about October 9, 2001, it solicited and obtained a contract to provide services and products for the Hanford K-Basins project; to the extent the allegations of Paragraph 88 are inconsistent with the foregoing, they are denied.

86. Defendant admits Paragraph 89.

87. Defendant denies Paragraph 90.

88. Defendant denies Paragraph 91.

89. Defendants repeat their responses to Paragraphs 1 through 91 above in response to Paragraph 92.

90. Defendant admits Paragraph 93.

91.     Defendant admits Paragraph 94.

92.     In response to Paragraph 95, Defendant denies that AVANTech competes with Plaintiff, and further denies that this is the reason for its formation.

93.     Defendant denies Paragraph 96.

94.     Defendant denies Paragraph 97.

95.     Defendant denies Paragraph 98.

96.     Defendant denies Paragraph 99.

97.     Defendant denies Paragraph 100.

98.     Defendant denies Paragraph 101.

99.     Defendant denies Paragraph 102.

100.    Defendant denies each and every allegation contained in the Amended Complaint, express or implied, that are not expressly and unequivocally admitted in this Answer.

### COUNTERCLAIMS

Defendant (Counterclaim Plaintiff) alleges the following counterclaims against Plaintiff (Counterclaim Defendant):

101.    Counterclaim Plaintiff realleges and incorporates herein by reference the averments of the preceding paragraphs.

102.    These counterclaims arise under: the Patent Laws, 35 USC §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 USC §§ 2201-2202; the Antitrust Laws, 15 USC §§ 2, 15 and 26; the South Carolina Trade Secrets Act, S. C. Code §§ 39-8-1, et seq. and the South Carolina Unfair Trade Practices Act, S. C. Code §§ 39-5-140, and the common law of the State of South Carolina.

103.     This Court has jurisdiction over these counterclaims pursuant to Fed. R. Civ. P. 13 and 28 USC §§ 1331, 1337, 1338 and 1367.

104.     This Court has personal jurisdiction over the Counterclaim Defendant pursuant to the provisions of South Carolina Code §§ 36-2-802, 36-2-803 and 35-2-805.

## Count I

### Declaratory Relief of Patent Invalidity and Non-Infringement

105.     Counterclaim Plaintiff repeats the allegations of paragraphs 1-104 as if set forth herein.

106.     An actual, justiciable controversy has arisen and now exists between Counterclaim Plaintiff and Counterclaim Defendant relating to U.S. Patent Nos. 5,585,531 ('531) and 6,387,274 ('274).

107.     The Counterclaim Plaintiff has not infringed any valid claim of the '531 patent.

108.     The '531 patent is invalid for failure to meet one or more of the requirements for patentability, including, without limitation, 35 USC §§ 102, 103 and 112.

109.     The '531 patent is unenforceable due to acts of patent misuse by Plaintiff.

110.     The Counterclaim Plaintiff has not infringed any valid claim of the '274 patent.

111.     The '274 patent is invalid for failure to meet one or more of the requirements for patentability, including, without limitation, 35 USC §§ 102, 103 and 112.

112.     The '274 patent is unenforceable due to acts of patent misuse by Plaintiff.

113.     A judicial determination of the invalidity of the '531 and '274 patents, and the noninfringement of those patents by the Counterclaim Plaintiff, is appropriate.

## Count II

### Violation of the Sherman Act

114.    Counterclaim Plaintiff repeats the allegations of paragraphs 1-113 as if set forth herein.

115.    The allegations of patent infringement made by Counterclaim Defendant in the present action are objectively baseless in that no reasonable litigant could anticipate success on the merits.

116.    The present action was brought by Counterclaim Defendant in bad faith with an intent to interfere directly with the business relationships of AVANTech, Inc.

117.    Counterclaim Defendant's sham litigation against Counterclaim Plaintiff constitutes predatory and/or anti-competitive conduct with a specific intent to monopolize.

118.    Unless the consequences of Counterclaim Defendant's sham litigation are remedied by this Court, there is a dangerous probability of monopolization by Counterclaim Defendant.

119.    These actions of Counterclaim Defendant violate the Sherman Act, 15 USC § 2, and Counterclaim Plaintiff has been injured by such actions.

## Count III

### Violation of the South Carolina Unfair Trade Practices Act

120.    Counterclaim Plaintiff repeats the allegations of paragraphs 1-119 as if set forth herein.

121.    Counterclaim Defendant has undertaken unfair or deceptive actions against Counterclaim Plaintiff which are offensive to public policy or which are immoral, unethical, or oppressive.

122. Counterclaim Defendant has made misrepresentations to third parties concerning the legitimate activities of the Counterclaim Plaintiff.

123. Those misrepresentations have the capacity or tendency to deceive.

124. Counterclaim Plaintiff has been injured thereby.

125. Such actions were undertaken in the conduct of Counterclaim Defendant's trade and commerce, and thus directly or indirectly affected the people of South Carolina.

126. Such actions have the potential for repetition.

127. These actions were a willful and knowing violation of the South Carolina Unfair Trade Practices Act, thus entitling the Counterclaim Plaintiffs to treble damages and attorneys' fees.

## Count IV

## Abuse of Process

128. Counterclaim Plaintiff repeats the allegations of paragraphs 1-127 as if set forth herein.

129. Counterclaim Defendant has willfully and overtly commenced this action for an improper and ulterior purpose, *i.e.,* to gain an objective not legitimate in the use of the process.

130. The acts of the Counterclaim Defendant have injured the Counterclaim Plaintiff in its business.

## Count V

### Intentional Interference with Prospective Contractual Relationship

131. Counterclaim Plaintiff repeats the allegations of paragraphs 1-130 as if set forth herein.

132. Counterclaim Defendant has intentionally interfered with prospective contractual relationships with Counterclaim Plaintiff's customers, potential customers, employees, and potential employees.

133. Counterclaim Defendant has done so for an improper purpose or by improper means.

134. Such actions have caused injury to Counterclaim Plaintiff.

## Count VI

### Bad Faith Claim of Misappropriation of Trade Secret

135. Counterclaim Plaintiff repeats the allegations of paragraphs 1-134 as if set forth herein.

136. Counterclaim Plaintiff is informed and believes that Counterclaim Defendant's claim of misappropriation of trade secrets is made in bad faith and thus it is entitled to an award of a reasonable attorneys' fees under S. C. Code § 39-8-80.

WHEREFORE, Defendant (Counterclaim Plaintiff) respectfully requests entry of judgment:

(a) that the Amended Complaint be dismissed with prejudice;

(b) that the Court declare that the Defendant has not infringed U.S. Patent Nos. 5,585,531 and 6,387,274;

(c) that the Court declare that U.S. Patent Nos. 5,585,531 and 6,387,274 are invalid and/or unenforceable;

(d) that the Court declare this case to be exceptional in favor of the Defendant under 35 USC § 285, and awarding reasonable attorneys' fees to the Defendant;

(e) that the Court assess damages against Plaintiff, and award Defendant an amount equal to threefold such damages, the cost of suit and a reasonable attorneys' fee pursuant to 15 USC § 15;

(f) that the Court enter an injunction against Plaintiff pursuant to 15 USC § 26;

(g) pursuant to S.C. Code Ann. § 39-5-140, awarding Defendant actual damages, treble damages, and attorneys' fees;

(h) that the Court enter judgement in favor of Defendant/Counterclaim Plaintiff on its counterclaims; and

(i) that the Court award Defendant its costs of defense, including reasonable attorney's fees, that judgment be entered on Defendant's Counterclaims, that the Court award Defendant is costs, interest, actual and punitive damages, and

reasonable attorney's fees thereon, and that the Court award such other relief as is just and proper.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: /s/ Sue Erwin Harper
Sue Erwin Harper
Federal Bar No. 737
Craig N. Killen
Federal Bar No. 6291
Jim O. Stuckey, II
Federal Bar No. 6272
Debbie N. Whittle
Federal Bar No. 7391
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201
(803) 799-2000

Attorneys for Defendant

Columbia, South Carolina

March 3, 2003

## CERTIFICATE OF SERVICE

I, the undersigned administrative assistant of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Defendant, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address(es):

Pleadings:     Answer to Amended Complaint and Counterclaim

Served:     Robyn W. Madden, Esquire
McNair Law Firm, P.A.
Post Office Box 11390
Columbia, SC 29211

*Michelle C. Smith*
Michelle C. Smith
Administrative Assistant

March 3, 2003