IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-441-CMC |
| v. | ) ) | |
| James Braun, Tracy Barker, Kelly McCurry, Sharra Arnold, Carl Rowland, Cam Abernathy, and Mike Mohundro | ) ) ) ) ) | ORDER RE MATTERS HEARD JUNE 8, 2005 |
| Defendants. | ) ) | |
| Chem-Nuclear Systems, L.L.C. a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C/A No. 3:03-442-CMC |
| v. | ) ) | |
| Avantech, Inc., a South Carolina Corporation | ) ) ) ) | |
| Defendant. | ) ) | |

These matters came before the court for hearing on numerous motions on June 8, 2005. The court issued oral rulings as to most of the then-pending motions which included six separate motions for summary judgment, numerous related motions to seal, and two discovery related motions. The present order: (1) summarizes the rulings on the motions for summary judgment by specifying the claims that remain for further proceedings; and (2) sets a schedule for those further proceedings.[1]

___

[1] A separate order will be issued as to the two earliest-filed motions for summary judgment (parallel motions in the companion cases) which are: Docket No. 194 in CA No. 03- 441-CMC; and Docket No. 188 in CA No. 03-442-CMC. A separate order will also be filed setting forth the basis for granting all motions to seal. These orders will be filed in both cases.

I.      **CLAIMS REMAINING FOR FURTHER PROCEEDINGS.**

    A.      **Plaintiffs' Claims.**  Summary judgment has been granted in Defendants' favor, in full, as to: the first cause of action for patent infringement; the third cause of action for breach of the non-competition provisions of the individual Defendants' employment agreements; and the seventh cause of action for conspiracy.  The following claims have been limited in various respects: the fifth cause of action for violation of a covenant of good faith and fair dealing has been limited to claims for violation of the confidentiality provisions of the employment agreements; the sixth cause of action for conversion has been limited to claims for taking of a physical thing or physical embodiment of an intangible where Plaintiffs have been deprived of the use of the physical thing or embodiment of the intangible; the eighth cause of action for tortious interference with contract and ninth cause of action for unfair trade practices have been limited to claims resting on allegations of misuse of confidential information or trade secrets in pursuit of the Hope Creek and two Entergy contracts (Grand Gulf and River Bend locations).  The court also granted summary judgment to Defendants Arnold, Roland, Abernathy and Muhondro as to the unfair trade practices claim (ninth cause of action) based on the complaint's failure to indicate that it is asserted against these individuals and a corresponding absence of evidence of any actions by these individuals which might constitute an unfair trade practice.

    The second cause of action for violation of the South Carolina Trade Secrets Act and the fourth cause of action for breach of a duty of confidentiality are limited to claims identified in the list of thirty-five items (or categories of items) as secret information in response to Defendants' motion for summary judgment as to these claims.

The claims which have survived summary judgment are subject to further proceedings which may further narrow the claims at trial. A schedule and directions for these proceedings are set forth in Section II below.

**B.     Defendants' Counterclaims.**  Summary judgment has been granted in Plaintiffs' favor, in full, on Defendants' second through fifth counterclaims for: violation of the Sherman Act; violation of the South Carolina Unfair Trade Practices Act; abuse of process; and intentional interference with contract (or prospective advantage). Summary judgment was granted, in part, as to the first counterclaim for declaratory relief. Specifically, although this court found that the patent was not infringed, it concluded that the patent was not invalid based on "misuse." Other grounds for invalidity remain open at the present time.[2]

Summary judgment has also been granted in Plaintiffs' favor to the extent Defendants seek recovery for emotional distress, loss of consortium, lost wages, or losses resulting from the rebidding of the Bechtel proposal. Summary judgment was denied without prejudice as to the claim for bad faith misappropriation of trade secrets.

## II.     FURTHER PROCEEDINGS

**A.  Defendants' election as to invalidity counterclaim**.    No later than June 15, 2005, Defendants shall advise the court whether they intend to pursue the remaining aspects of their counterclaim seeking to declare the patent invalid. Defendants are encouraged to consider whether use of the mechanism allowed by 35 U.S.C. § 302 would be a more appropriate means of resolving any question as to whether the patent was properly issued, that is, whether it satisfied the

---

[2] Other arguments for finding the patent invalid have not yet been addressed and may be withdrawn from the present action. *See infra* § II.A.

3

requirements that the patent be nonobvious and sufficiently definite in description and design.

**B. Plaintiffs' specification of claims and supplemental briefing regarding the bad faith claim.** No later than **July 25, 2005**, Plaintiffs shall file a brief specifically identifying any items they allege were converted and providing factual support for the claims that the items were taken and that Plaintiffs were deprived of their use. If Plaintiffs rely on the doctrine of "inevitable use" they shall brief the availability of that doctrine in South Carolina.

In addition, Plaintiffs shall, as to their claims for violation of the South Carolina Trade Secrets Act and violation of the confidentiality provisions of the Individual Defendants' employment agreements: (1) specify whether they intend to proceed under one or both theories as to each of the thirty-five matters specified in their earlier memorandum; and (2) specify whether any of the thirty-five mattes are abandoned at this time. As to each of the matters on which Plaintiffs intend to proceed, they shall identify all deposition testimony, documentary or other evidence which supports the conclusions that the matter is confidential or rises to the level of a trade secret and that it was actually misappropriated or misused. If Plaintiffs intend to rely on a claim of "inevitable use," they must brief the availability of the theory. Plaintiffs shall also provide the court with specific support (by citation to and attachment of earlier disclosures) for the proposition that Plaintiffs' intent to rely on the matter as a misappropriated trade secret or misused confidential information was fairly, adequately, and timely identified during the discovery process.

Plaintiffs shall also brief their position as to how the claim for bad faith misappropriation of trade secrets should be tried. Specifically, the court seeks input as to: whether the issue is one for judge or jury; the applicable standard; and timing of the determination.

**C. Defendants' supplemental motion.** Also by **July 25, 2005**, Defendants shall file any renewed motion for summary judgment as to the issues of standing and preemption which they may believe appropriate in light of the narrowed claims.

**D. Responsive briefs and hearing.** Responsive briefs shall be filed in accordance with the normal briefing rules for motions set forth under Local Civil Rule 7.06. The court will address the motions in an August 22, 2005 hearing to be held at **2:00 p.m.**

**E.     Trial**. Jury selection shall be set for **October 6, 2005.** Trial shall commence on **October 11, 2005**, and is expected to last approximately two weeks. Counsel shall reserve through October 26, 2005 for completion of the trial. Pretrial deadlines shall be as follows:

**August 19, 2005** – Defendants shall advise Plaintiffs whether they intend to introduce Joe Amico's deposition in lieu of live testimony at trial. If so, a date for his redeposition should be selected prior to the August 22, 2005 hearing (though it need not be conducted prior to that date).

**August 23, 2005** – Deadline for motions in limine.

**August 26, 2005** – Fed. R. Civ. P. 26(a)(3) disclosures shall be filed and exchanged.

**September 9, 2005** –Each party shall file and serve any Fed. R. Civ. P. 26(a)(3) objections, objections to use of a deposition designated by another party and deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

**September 16, 2005** – Parties shall meet for the purpose of exchanging and marking all exhibits.

**September 30, 2005** – Parties shall file and serve pretrial briefs .

**IT IS SO ORDERED.**

/s Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 13, 2005

C:\temp\notesFFF692\03-441 & 442 post 6-8-05 hearing order.wpd