IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. <br> a Delaware limited liability company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | C/A No. 3:03-441-22 |
| v. | ) <br> ) | |
| James Braun, Tracy Barker, <br> Kelly McCurry, Sharra Arnold, <br> Carl Rowland, Cam Abernathy, and <br> Mike Mohundro | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> )  | |
| Chem-Nuclear Systems, L.L.C. <br> a Delaware limited liability company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | C/A No. 3:03-441-22 |
| v. | ) <br> ) | |
| Avantech, Inc., a South Carolina <br> Corporation | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

This matter is presently before the court for consideration of whether the court should continue to exercise jurisdiction over Defendants' counterclaims for patent invalidity and unenforceability in light of the determination that the underlying patent was not infringed. This determination rests in the court's discretion which discretion must be exercised in light of the purposes of the Declaratory Judgment Act. *See Phonometrics, Inc. v. Northern Telecom, Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998).

Having considered the cases cited by the parties, most particularly *Fort James Corp. v. Solo Cup Co.,* 2005 U.S. App. LEXIS 11924 (Fed. Cir. June 22, 2005), the court concludes that it should exercise its discretion to resolve the invalidity and unenforceability claims. Unlike the situation presented in *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054 (Fed. Cir. 1995), Plaintiffs have neither withdrawn their infringement allegations nor promised not to pursue claims relating to this patent for any of Defendants' past or present products.

Having concluded that it should continue to exercise jurisdiction over these counterclaims, this court must now consider Plaintiffs' earlier-filed motions for summary judgment as to the patent invalidity and unenforceability counterclaims (Dkt No. 230 in C.A. No. 3:03-441 and Dkt No. 224 in C.A. No. 3:03-442). In response to Plaintiffs' motion for summary judgment on these counterclaims, Defendants withdrew their reliance on two grounds for invalidity: on-sale bar (35 U.S.C. § 102(b); and anticipation (35 U.S.C. § 102). The motion for summary judgment is, therefore, granted as to these grounds.[1]

In light of the construction of the patent given during the Markman hearing and basis for finding non-infringement, the court concludes that the claim for invalidity due to indefiniteness must also be rejected as a matter of law. This defense, in any case, rested on a single, somewhat vague deposition comment which was, in any case, taken out of context.

This leaves alleged obviousness under 35 U.S.C. § 103 as a ground for declaring the patent invalid and alleged inequitable conduct as a ground for finding it unenforceable. Both grounds require consideration of highly technical matters involving the patent at issue, prior art, and general

---

[1] Defendants' concession as to the anticipation grounds was dependent on interpretations of the patent language contained in the Markman Order. Defendants would, therefore, be entitled to withdraw that consent should the Markman Order be modified.

skills and knowledge of experts in the field. Matters of intent are also significant to the inequitable conduct claim. While Defendants' prediction of evidence on these matters does not, at this stage, strike the court as particularly strong, the court concludes that the evidence is not so clear as to support entry of summary judgment in Plaintiffs' favor on these counterclaims.

The parties are directed to confer no later than August 19, 2005, to determine if agreement can be reached as to the procedural matters set out below:

1. Defendants' burden of proof as to each of the counterclaims;

2. Criteria and standards for an award of attorneys' fees based on inequitable conduct;

3. Identity of decision maker (which issues are for jury and which for judicial determination);

4. To the extent the issues are for jury determination, how best to minimize confusion of the patent validity and enforceablity issues with the remaining issues for trial (*i.e.,* identification of issues for bifurcation); and

5. Any other procedural matters relating to these counterclaims which the parties believe should be raised before trial.

No later than September 2, 2005, the parties shall advise the court as to all matters as to which agreement is reached. To the extent agreement is not reached, the parties shall present their respective positions by separate memoranda filed by that same date.       .

**IT IS SO ORDERED.**

                                            s/Cameron McGowan Currie_____
                                            CAMERON McGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 2, 2005

C:\temp\notesB0AA3C\03-441 & 442 vlv Chem Nuclear invalidity counterclaims .wpd

3