IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chem-Nuclear Systems, L.L.C. <br> a Delaware limited liability company, *et al.*, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C/A No. 3:03-441-CMC |
| v. | ) <br> ) | |
| James Braun, *et al.*, | ) <br> ) | |
| Defendants. | ) <br> ) | |
| Chem-Nuclear Systems, L.L.C. <br> a Delaware limited liability company, *et al.*, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C/A No. 3:03-442-CMC |
| v. | ) <br> ) | |
| Avantech, Inc., a South Carolina Corporation | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |
| Chem-Nuclear Systems, LLC, a Delaware limited liability company, *et al.*, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C/A No.: 3:03-3915-CMC |
| v. | ) <br> ) | |
| Alfred C. Abernethy, *et al.*, | ) <br> ) | |
| Defendants. | ) <br> ) | |

**OPINION AND ORDER
ON
SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES**

These three related matters are before the court on Defendants' May 15, 2006 supplemental petition for attorneys' fees and non-taxable costs in the amounts of $60,851.50 and $3,128.70 respectively.[1] Plaintiffs object to the supplemental petition, at least in part, asking the court to allocate the fees between the three actions and various causes of action as in the order addressing the initial petition for attorneys' fees and costs. Plaintiffs also assert that no contract-based claims were pending against any of the individual Defendants whose contracts included fee-shifting provisions during the period for which fees and costs are now sought.[2] Finally, Plaintiffs note an apparent error in one billing entry for $132.50.

In their reply, Defendants concede that the $132.50 charge was incorrectly included. Thus, the requested fees are voluntarily reduced to $60,719. While Defendants do not object to a similar allocation as in the original fee award, they argue that the court should first allocate $22,687 in attorneys' fees and $2,520 in costs to their earlier petition for fees and that these amounts should be awarded in full.

**I. AWARD OF FEES AND COSTS ATTRIBUTABLE TO ORIGINAL FEE PETITION**

The court agrees that the fees ($22,687) and costs ($2,520) directly attributable to the original petition for attorneys' fees and costs should be dealt with separately from the remainder of the fees and costs. Defendants were largely, though not entirely, successful in their pursuit of fees. The court

---

[1] Defendants filed an identical petition in all three actions: Dkt No. 566 in C.A. No. 3:03-441; Dkt No.545 in C.A. No. 3:03-442; and Dkt No. 226 in C.A. No. 3:03-3915. For ease of reference, the court refers to the "petition" in the singular. The court also refers to the three actions as the First (3:03-441), Second (3:03-442), and Third (3:03-3915) Actions, their sequence designation being based on the order in which they were filed.

[2] The court concludes that issues sufficiently connected to these contracts were addressed during the relevant period to allow for an award based on those contracts as allocated and reduced below.

declined to award non-taxable costs for reasons addressed in the earlier order. Thus, Defendants were only partially successful.

In light of the above, the court concludes that the fees attributable to pursuit of the earlier fee and cost petition should be reduced by fifteen percent (15%). The court, therefore, awards fees attributable to the earlier petition in the amount of $19,283.95. The single cost item ($2,520 incurred for a declaration regarding the reasonableness of the fee petition) is awarded in full because this cost would not likely have been lower had only the fees actually awarded been addressed in the declaration. These fees and costs are awarded jointly in all actions.

## II. AWARD OF REMAINING FEES AND COSTS

In the order granting, in part, the original fee petition, this court allocated the attorneys' fees between the three actions and various causes of action as follows:

Patent-related claims in First and Second Action     –     forty percent (40%)

Non-Patent claims in First Action (overlapping with
identical claims in Second Action)     –     fifty percent (50%)

Third Action     –     ten percent (10%)

After allocating the fees to the various actions and causes of action, the court determined an appropriate percentage of fees to award as to each category. These percentages were determined by considering both the degree of success on the allocated claims and the degree to which the fees on successful claims should be attributed to claims as to which fees could properly be shifted. The percentage reductions ultimately applied were as follows: fees attributed to the patent-related claims in the First and Second Action were reduced by thirty-five percent (35%); fees attributed to the non-patent claims in the First Action were reduced by thirty percent (30%); and fees attributed to the

Third Action were reduced by fifteen percent (15%). The court declined to award non-taxable costs.

As noted above, Plaintiffs have requested that the same allocation, and presumably the same percentage reductions, be applied to the present fee petition. Defendants do not object, except as to fees attributable directly to the earlier fee petition. The court agrees that such a method of allocation and award of reduced percentages is appropriate. The court, therefore, allocates the remaining $38,032 in fees and awards reduced percentages of the same as follows:

**Patent-related claims in First and Second Action**

>Allocation  –  forty percent (40%) equals $15,212.80

>Award – $15,212.80 reduced by 35% equals **$9,888.32**

**Non-Patent claims in First and Second Action**

>Allocation  –  fifty percent (50%) equals $19,016.00

>Award – $19,016.00 reduced by 30% equals **$13,311.20**

**Third Action**

>Allocation  –  ten percent (10%) equals $3,803.20

>Award – $3,803.20 reduced by 15% equals **$3,232.72**

As in the earlier petition, the court declines to award costs except as they relate to the fee petition as discussed above.

## CONCLUSION

For the reasons stated above, this court finds: (1) all Defendants are entitled to a collective award of fees relating to the successful pursuit of the first fee petition in the amount of $19,283.95 and related costs in the amount of $2,520.00; (2) Defendants in the First and Second Actions are entitled to an additional collective award of fees attributable to the patent-related claims in the

amount of $9,888.32; (3) the three Defendants in the First Action whose employment agreements included fee-shifting provisions are entitled to an additional collective award of fees attributable to the contract-related claims in the amount of $13,311.20; and (4) the individual Defendant in the Third Action is entitled to an additional fee award in the amount of $3,232.72. The total awards on the supplemental fee petition in all three actions is, therefore, $45,716.19 in fees and $2,520 in non-taxable costs.

       IT IS SO ORDERED.

                                       s/ Cameron McGowan Currie
                                       CAMERON MCGOWAN CURRIE
                                       UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2006

C:\temp\notesB0AA3C\~4597479.wpd